IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**MARTHA CHAMBERS**                                                                                   **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO.:** 1:17cv157-MPM-DAS

**WAL-MART STORES EAST, LP**                                                   **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW,** Plaintiff, Martha Chambers, and brings this action against her former employer, Wal-Mart Stores East, LP. Plaintiff is seeking monetary damages, declaratory relief and injunctive relief. As more specifically set forth below, Plaintiff has been subjected to disability discrimination in the terms and conditions of her employment with Defendant. The actions of the Defendant are in violation of the Americans with Disabilities Act of 1990, as amended.

**THE PARTIES**

1. Plaintiff, Martha Chambers, is an adult female resident of Monroe County, Mississippi.

2. Defendant, Wal-Mart Stores East, LP, is a foreign corporation doing business in Mississippi and may be served through its registered agent: CT Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, MS 39232.

**JURISDICTION**

3. This court has federal question and civil rights jurisdiction for actions that arise under the Americans with Disabilities Act of 1990 (ADA).

4. This Court has personal and subject matter jurisdiction over the Defendant

and venue is proper in this Court.

5. Plaintiff timely filed a Charge of Discrimination with the EEOC, a true and correct copy of which is attached as Exhibit "A." On June 28, 2017, the EEOC issued a Dismissal and Notice of Rights, a true and correct copy of which is attached as Exhibit "B." Plaintiff timely files this cause of action within ninety (90) days of receipt of her Dismissal and Notice of Rights.

## STATEMENT OF FACTS

6. Plaintiff was hired as a Door Greeter and Sales Associate with Wal-Mart in Amory, Mississippi on August 6, 2014 and is more than qualified for her position.

7. Plaintiff's official employer was Wal-Mart Stores East, LP, Plaintiff was paid at an hourly rate of $15.30.

8. Plaintiff was denied a promotion to an Asset Protection position because of the accommodation she needed assistance with for her disability. The Asset Protection position requires an employee to follow customers and testify in shop-lifting proceedings.

9. Plaintiff suffers from PTSD which requires the reasonable accommodation of a 15-minute break to be used as needed. If Defendant had provided this basic reasonable accommodation to Plaintiff, she would have been more than qualified and could have easily performed the job duties of the position.

10. Instead, Defendant denied Plaintiff this reasonable accommodation and failed to specify which of the job duties her disability would allegedly not allow her to perform. After making a complaint to management, Plaintiff was then told that she could not be considered for the position because she would then become her father's superior

(Chambers' father is also employed with Wal-Mart in Amory). This alleged reason articulated by Wal-Mart was false due to the fact that the past two employees to hold the Asset Protection position also had a relative employed with Wal-Mart.

      11.    On November 8, 2016, Plaintiff filed a Charge of Disability Discrimination with the EEOC. Since Plaintiff engaged in clearly protected activity by filing the Charge, Wal-Mart unlawfully retaliated against her by re-classifying her as a part-time employee.

      12.    Since the EEOC investigation concluded, Plaintiff has not been placed back on the schedule to work.

      13.    Plaintiff has been wrongly discriminated against because of her disability in violation of the Americans with Disabilities Act in that Defendant totally failed to reasonably accommodate Plaintiff and/or engage in the interactive process to reasonably accommodate Plaintiff's restrictions. In addition, Defendant has unlawfully retaliated against Plaintiff after she engaged in protected activity.

## **CAUSES OF ACTION**

### **COUNT I - VIOLATION OF THE ADA**
### **FAILURE TO MAKE REASONABLE ACCOMODATIONS**

      14.    Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 13 above as if fully incorporated herein.

      15.    The Defendant violated the ADA by arbitrarily refusing to reasonably accommodate the Plaintiff's request for accommodations based on her disability.

      16.    The Defendant violated the ADA by not allowing Plaintiff to work in the Asset Protection position with a reasonable accommodation.

      17.    The unlawful actions of the Defendant complained of above were intentional, malicious, and taken in reckless disregard of the statutory rights of Plaintiff.

## **COUNT II – VIOLATION OF THE ADA - RETALIATION**

18. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 17 above as if fully incorporated herein.

19. Defendant initially discriminated against Plaintiff because of her disability by denying her the promotion to the Asset Protection position due to her disability.

20. After Plaintiff filed an EEOC charge, Defendant unlawfully retaliated against Plaintiff by demoting her from full time to part time and removing her from the work schedule.

21. Plaintiff has been harmed as a result of this retaliation, and the Defendant is liable to Plaintiff for the same

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial. Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Promotion to the position of Asset Protection or front pay in lieu of promotion, back pay, lost benefits, and other pecuniary losses proximately caused by Defendant's unlawful conduct;

2. Compensatory damages against Defendant in an amount to be determined by the jury;

3. Interest;

4. Punitive damages against Defendant in an amount to be determined by the jury;

5. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees and reasonable attorney's fees allowed under the ADA;

6. Such further relief as is deemed just and proper.

THIS the 26th day of September 2017.

                                        Respectfully submitted,

                                        Martha Chambers, Plaintiff

By:    /s Louis H. Watson, Jr.
       Louis H. Watson, Jr. (MB# 9053)
       Nick Norris (MB# 101574)
       Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com